UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05CV-76-R

REX ALLEN FRANCIS                                                          PLAINTIFF

v.

ROGER BARLOW *et al.*                                                   DEFENDANTS

### OPINION

Plaintiff Rex Allen Francis filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.[1]  This

matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore*

*v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, all claims will be

dismissed except for the Fourth Amendment excessive force claim against Officers Roger

Barlow and Chad Brown and five unknown officers.

### I.  BACKGROUND AND SUMMARY OF CLAIMS

Plaintiff brings this civil rights action against eight Defendants.  Defendants Roger

Barlow and Joe Ford are Monroe County Sheriff Deputies, Defendant Chad Brown[2] is a

Tompkinsville Police Officer, and the remaining five Defendants are unknown officers of the

Monroe County Sheriff's Department and/or the Tompkinsville Police Department.  Plaintiff

sues each Defendant in his or her individual and official capacities and seeks monetary relief.

According to the complaint, Defendant Officer Barlow and the Tompkinsville Police

Department were conducting an ongoing investigation of burglaries and thefts.  On May 29,

---

[1]Charlotte Hughs, Plaintiff's mother, was also listed as a plaintiff in the caption of the complaint, but she did not sign the pleading.  The Court thus entered an order directing her to sign the complaint within 20 days or face dismissal.  Ms. Hughs failed to comply, and the Court dismissed her from this action.

[2]In the caption, Plaintiff lists *Chan* Brown, but in the body of the complaint, he describes the actions of *Chad* Brown.

2004, without a search warrant, the Monroe County Sheriff's Department and possibly the

Tompkinsville Police Department broke into an unoccupied dwelling belonging to Plaintiff's

mother and removed items connected to the alleged burglaries.  Defendant Officer Barlow later

testified that he observed Plaintiff run out of the back door of the unoccupied dwelling and up a

hill on May 29th, although Plaintiff claims that such action is virtually impossible given his

physical ailments (two crushed ankles from a car accident).

On May 31, 2004, while Plaintiff was at his mother's house working in the shed, Plaintiff

noticed a Monroe County Sheriff's Department vehicle stop outside.  Defendant Officer Barlow

stepped out of his squad car and called for back up.  Plaintiff notes that he did not leave the shed

because he knew he had a couple of failure-to-appear bench warrants pending.  Within a few

minutes, about six or seven squad cars arrived at his mother's home, and officers proceeded to

knock on the front door.  When they received no answer, the officers broke into the home and

searched the dwelling without a search warrant or proper authorization.  They also searched the

truck sitting in the driveway and eventually approached the shed where Plaintiff was on his

knees hiding beside the refrigerator.  The officers had their guns and flashlights drawn.

Defendant Officer Brown was the first to notice Plaintiff.  Officer Brown placed his gun

beside Plaintiff's head, ordered Plaintiff to raise his hands while he was still on his knees, and hit

Plaintiff across the head with his flashlight.  Officer Barlow struck Plaintiff from behind with a

blunt object and then grabbed Plaintiff by the collar and pulled him into the view of

approximately five other officers in the shed.  The unknown officers began "swinging blows

with their flashlights and blackjacks (blunt objects) to the body of the Plaintiff."

While "bleeding profusely," Plaintiff was dragged out into the front of the shed and ordered to stand up.  When Plaintiff said that he was unable to do so and requested help, officers called him "obscene, belligerent and prejudicial names."  Then, Officer Darrell Ford of the Tompkinsville Police Department directed officers to help Plaintiff because he had personal knowledge of Plaintiff's physical ailments.  Officer Brown helped Plaintiff to his feet, and Officer Darrell Ford searched Plaintiff, removed his personal property and placed it on the ground, cuffed him, and drove him to the Monroe County Medical Center.  X-rays of Plaintiff's left shoulder were negative, but Plaintiff had sustained three lacerations to the head that required numerous stitches.

Upon release from the medical center on June 1, 2004, Plaintiff was taken to the Monroe County Jail and charged with two counts of second-degree burglary, three counts of receipt of stolen property, and two misdemeanors stemming from the bench warrants.  He has been incarcerated since that time and continues to suffer chronic headaches.

Plaintiff claims that Defendants had neither the authority to enter either of his mother's dwellings nor valid search warrants to enter said dwellings and thus "committed a criminal act of Burglary in the 2nd degree."  He also claims that they violated his Eighth Amendment rights when they "deliberately inflicted injuries upon [him] w/o sufficient cause."

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this court must review the instant action.  28 U.S.C. § 1915A ("The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon review, this court must dismiss "the

complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And, this court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To command otherwise would require this court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

### A.  Official Capacity Claims

If an action is brought against an official of a governmental entity in his official capacity,

the suit should be construed as brought against the governmental entity.  *Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  In

the case at bar, Plaintiff's claims against Defendants in their official capacities are actually

brought against Monroe County and the City of Tompkinsville.

When a § 1983 claim is made against a municipality, a court must analyze two distinct

issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*,

*Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original);

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d

1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts

of the *municipality* from acts of *employees* of the municipality, and thereby make clear that

municipal liability is limited to action for which the municipality is actually responsible.'"  *City*

*of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S.

469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. Nothing in the complaint demonstrates that his injuries occurred as a result of a policy or custom executed or endorsed by Monroe County or the City of Tompkinsville. Accordingly, the complaint fails to establish a basis of liability against either municipality and therefore fails to state a cognizable § 1983 claim.

Consequently, the official capacity claims against Defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## B. Individual Capacity Claims

### 1. Failure to state a claim

In order to assert a cognizable § 1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how the defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how the defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).

Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendant and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id*. When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Plaintiff fails to allege any personal involvement by Officer Joe Ford in the alleged incidents, and he fails to allege any causal connection between that officer and any purported

wrongdoing.  To be sure, aside from listing Officer Ford as a Defendant, Plaintiff fails to

mention him anywhere else in the complaint.  As the complaint is factually insufficient to state a

cognizable claim against Officer Ford, the individual capacity claims asserted against him must

be dismissed.[3]

## 2.  Illegal searches and seizures

Plaintiff claims that Defendants did not have valid search warrants or authorization to

enter his mother's dwellings and thus "committed a criminal act of Burglary in the 2nd degree."

To the extent he seeks the criminal prosecution of Defendants, such relief is unavailable as the

"[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors."

*Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986).  Any request for criminal

prosecution will thus be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

The Court notes that Plaintiff does not claim that he is entitled to damages as a result of

an unlawful search or seizure under the Fourth Amendment.  Even if he were alleging such a

claim, it would be barred by the *Heck* doctrine.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner

may not file a § 1983 suit challenging his conviction or sentence if a ruling on his claim would

render the conviction or sentence invalid, until and unless the conviction or sentence has been

reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or

has been called into question by a federal court's issuance of a writ of habeas corpus under 28

---

[3]Plaintiff does describe facts relating to an Officer *Darrell* Ford, but he identifies this officer as employed by the Tompkinsville Police Department while he lists Joe Ford as a member of the Monroe County Sheriff's Department.  There is simply no suggestion that Plaintiff misidentified Darrell Ford as Joe Ford in the caption.  Thus, for clarification, Darrell Ford is not a party to this action.

U.S.C. § 2254. *Id.* at 486-87. The Court clarified, however, that not all claims challenging a prisoner's conviction or sentence will necessarily demonstrate the invalidity of the judgment. *Id.* at 487 and n.7. Rather, if a ruling on a claim would necessarily render a plaintiff's continued confinement invalid, the claim must be dismissed, not for lack of exhaustion of state remedies, but because it is simply not cognizable until the challenged confinement has been remedied by some other process. *Id.* at 489; *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

In the instant case, the Court finds that a ruling in Plaintiff's favor that the search of the dwellings and subsequent seizure of items were illegal would necessarily imply the invalidity of his conviction for receipt of stolen property.[4] As his conviction has not been overturned, reversed, expunged, or otherwise declared invalid, any Fourth Amendment claim is not yet cognizable and must be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) ("The language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit.").

---

[4]Plaintiff claims that Defendants "deliberately broke into dwellings belonging to my Mother (Ms. Charlotte Hughes) 'without' official search warrants [] and removed items from each dwelling (2) two alledged to be stolen." He also alleges that Defendant Barlow testified "during the Grand Jury convening of the charges I now stand convicted of, that officers removed items from the dwelling located on Fountain Run Rd connected to an alledged Burglary or Burglaries."

The Kentucky Department of Corrections maintains a website containing information on prisoners incarcerated in the Kentucky correctional system. *See Kentucky Online Offender Lookup System* at http://www.corrections.ky.gov. Each prisoner's listing contains conviction information, including each offense, the indictment number, the crime date, the conviction date, the conviction county, indictment count, KRS Code, felony class, and sentence length. According to the information posted on Plaintiff Rex Allen Francis, he was convicted in Monroe County on January 19, 2005, of receiving stolen property over $300. The crime date is listed as May 30, 2004, the same time frame as the events alleged in the complaint.

### 3.  Excessive force

As a preliminary matter, although Plaintiff claims an Eighth Amendment violation, his

claim of excessive force is more properly brought under the Fourth Amendment.  *Graham v.*

*Connor*, 490 U.S. 386, 395 (1989).  Having made that distinction, the Court concludes that the

excessive force claim against Defendants Officer Barlow, Officer Chad Brown, and the five

unknown officers of the Monroe County Sheriff's Department and/or the Tompkinsville Police

Department[5] may proceed beyond initial screening.  In permitting the excessive force claim to

proceed, the Court passes no judgment on the merit of Plaintiff's claim or the ultimate outcome

of the action.

The Court will enter a separate Scheduling Order governing the development of the

continuing excessive force claim and will enter a separate Order dismissing all other claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Monroe County Attorney
        Tompkinsville City Attorney
4413.005

---

[5]The Court notes that as soon as practicable and by utilizing the methods of discovery contained in the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 26-37, 45, Plaintiff must identify the unknown officers.  Upon identification of those Defendants, Plaintiff must seek leave to amend the complaint in compliance with Rule 15 of the Federal Rules of Civil Procedure.  The Court is compelled to advise that this information is offered only as procedural guidance to the *pro se* litigant and is in no way a statement as to the viability of any such amendment. Should Plaintiff seek leave to amend in the future, the Court will consider the parties' arguments and issue a decision in light of applicable law.